1° consequence of the death of Judge Trezevatít, and other causes, the determination of the motion was necessarily delayed until May, 1810; when the opinion of the court %vas delivered by Brkvaud, J., and a new trial granted on the ground which is stated below.
Many points were made, and questions debated, on which the opinion of the court was declared ; but as they depended chiefly on facts, and involved no material question of law, which it is deemed proper to notice, save that which is stated below, they are passed over.
The point on which a new trial was granted uras this. The plaintiff claimed the land under a deed of conveyance from the sheriff of Richland district, who had sold the same under a more* gage, pursuant to the act of assembly of 1791, establishing an easier and cheaper mode of recovering money secured by mortgage on real estates, and barring the equity of redemption. The sheriff’s deed of conveyance to the plaintiffs, as purchasers at the sale, however, stated the judgment recovered by the plaintiffs against the mortgager, and an execution offi-fa. issued thereon, and a sale in virtue thereof, instead of staling a sale in virtue of the mortgage, and an order of court. This deed was held insufficient to maintain the claim of the plaintiff, on the ground on which he placed it; and it appeared that other creditors had executions prior in date to the plaintiffs’ against the mortgager. The plaintiffs insisted on proving by parol evidence, in contradiction to the sheriff’s deed of convey, anee, that the property was sold under an order of court, and not under execution, and was permitted to do so by the District Court, although such evidence was objected to. This objection was held by this court quite sufficient to entitle the defendant to a new trial ; as the evidence given, went to contradict, and substantially vary the deed of the sheriff, produced by the plaintiff, which in the case of Fox v. Leavensworth, p. 417, this volume, it was holden could not be done. See 1 vol. 289, 476.